## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:**<br><br>**Rinaldo E. Hunt and Maile N. Hunt,**<br><br>Debtors. | **Bankruptcy Case<br>No. 20-00137-TLM** |
| **Dennis Lin and Alisha Lin,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**Rinaldo E. Hunt and Maile N. Hunt,**<br><br>Defendants. | **Adversary Proceeding<br>No. 20-06015-JDP** |

## MEMORANDUM OF DECISION

Appearances:

Sean N. Egan, Salt Lake City, Utah, counsel for Plaintiffs.

Matthew Todd Christensen, ANGSTMAN JOHNSON, PLLC, Boise, Idaho, counsel for Defendants.

MEMORANDUM OF DECISION− 1

## *Introduction*

Plaintiffs Dennis and Alisha Lin ("Plaintiffs") commenced this adversary

proceeding to obtain a declaration that a state court judgment they hold against

the Defendants herein, Rinaldo E. and Maile N. Hunt ("Defendants") is excepted

from discharge.  Prior to the close of discovery, Defendants filed a motion for

summary judgment, Dkt. No. 29; Plaintiffs responded, arguing they need for

additional time to conduct discovery, Dkt. No. 31.  The Court heard oral

argument and took the motion under advisement.  Dkt. No. 34.  Having

considered the briefing, declarations, and oral arguments, as well as the

applicable law, this decision disposes of the motion.  Fed. R. Bankr. P. 7052;

9014.[1]

## *Undisputed Facts*

The following facts appear in the record.

 On July 12, 2017, Plaintiffs loaned $130,000 to the Defendants.  Def. Stmt.

of Undisputed Facts, Dkt. No. 29; Plaintiffs' Opp. to the Summary Judgment

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION– 2

Case 20-06015-JDP   Doc 35   Filed 11/10/20   Entered 11/10/20 15:52:13   Desc Main
Document      Page 3 of 15

Motion, Dkt. No. 31 at p. 4; Dec. of Rinaldo Hunt, Dkt. No. 29-3 at ¶ 3. The

purpose for the loan was to assist Defendants in their purchase of a residence in

California. Dkt. No. 29-3 at ¶ 4; Dec. of Dennis Lin, Dkt. No. 31-3 at ¶ 3. There

was no written documentation executed by the parties to evidence the loan

terms; however, Plaintiffs understood that the Defendants would repay the

money within sixty days. Dkt. No. 31-3 at ¶ 3.

Defendants made representations about funds they would have available

to them to repay the loan. It is undisputed that the Defendants had, or would

have, access to approximately $110,000 at the time the loan was extended. Dkt.

No. 29 at ¶¶ 1-2; Dkt. No. 29-3 at ¶ 3; Dkt. No. 31 at p. 3. But the specifics about

those funds, such as their origin, whether they were earmarked to repay the loan,

and their ultimate disposition, are in dispute. Plaintiffs assert the need to

conduct discovery to establish these and other relevant facts. Plaintiffs' Opp. to

Defendants' motion for summary judgment, Dkt. No. 31 at p. 3; Dec. of Sean N.

Egan, Esq., Dkt. No. 31-1 at ¶¶ 3, 5.

Defendants also represented to Plaintiffs that they had real estate deals in

place that, when closed, would assist them in repaying the loan. Again, the

timing of that representation, the amount that would be available to repay the

MEMORANDUM OF DECISION– 3

loan, as well as the existence of those real estate deals, are all in dispute.  Dkt.

No. 29 at ¶¶ 3-4; Dkt. No. 29-3 at ¶¶ 4-5; Dkt. No. 31 at pp. 3-4.  Plaintiffs also

seek to conduct discovery to inquire about these alleged deals.  Dkt. No. 31 at p.

4; Dkt. No. 31 at ¶ 3.  Plaintiffs contend that they relied on the representations

made to them by Defendants in making the loan.  Dkt. No. 31-3 at ¶ 5 and Ex. 1.

When Defendants failed to repay the loan, Plaintiffs filed a state court

action against them in Utah, and on June 26, 2019, were granted a judgment

against Defendants in the amount of $130,000.  Dkt. No. 29 at ¶¶ 6-7; Dkt. No. 31

at pp. 4-5.  That judgment is currently on appeal.  Dkt. No. 29 at ¶ 7; Dkt. No. 31

at p. 5.

Plaintiffs sought to collect the judgment in Idaho.  At their direction, the

Ada County Sheriff seized some of Defendants' personal property and it was

sold at auction.  Dkt. No. 29 at ¶ 10; Dkt. No. 29-3 at ¶ 7; Dkt. No. 31 at p. 5.

While the value of the property is a disputed fact, it is uncontested that the

sheriff's auction netted proceeds of less than $5,000.  Dkt. No. 29 at ¶ 10; Dkt. No.

29-3 at ¶ 7; Dec. of Ben Shemano, Dkt. No. 31-2 at ¶¶ 3-4 and Exs. A, B.

Following entry of the judgment, Defendant Rinaldo Hunt's father, George

Hunt, sought a supersedeas bond for Defendants' benefit, but no bond was

MEMORANDUM OF DECISION— 4

ultimately obtained.  Dec. of George A Hunt, Dkt. No. 29-4 at ¶¶ 2-4 including

unnumbered exhibits attached thereto; Dkt. No. 31 at p. 5.  The parties dispute

whether the purpose of the bond was to stay further collection efforts during the

appeal, or whether it was to delay collection attempts ahead of Defendants'

bankruptcy filing.  Dkt. No. 29 at ¶ 9; Dkt. No. 31 at p. 5.  Plaintiffs seek to

conduct discovery to determine the purpose for the bond.  Dkt. No. 31 at p. 5;

Dkt. No. 31-1 at ¶ 6.

Finally, it is undisputed that Plaintiffs did not inquire, and Defendants did

not disclose, that Defendants had filed for bankruptcy relief some years prior to

making them the loan.  Dkt. No. 29-1 at ¶ 11; Dkt. No. 29-3 at ¶ 6; Dkt. No. 31 at

p. 6; Dkt. No. 31-1 at ¶ 4.

On February 6, 2020, Defendants filed a chapter 7 bankruptcy petition.  *In

re Hunt*, 20-00137-TLM at Dkt. No. 1.  On May 4, 2020, Plaintiffs commenced this

adversary proceeding in which they seek to have the debt, represented by the

state court judgment against Defendants, declared nondischargeable pursuant to

§ 523(a)(2).[2]  Dkt. Nos. 1; 20.  On September 2, 2020, the Court conducted a

---

[2] The Amended Complaint is not specific, nor were the parties clear at oral argument, whether Plaintiffs
seek an exception to discharge under §§ 523(a)(2)(A) and/or (B).

MEMORANDUM OF DECISION– 5

pretrial conference at which it set a deadline of January 8, 2021, by which

discovery must be completed, and a February 5, 2021, deadline for pretrial

motions to be filed and heard.  Dkt. No. 27.  On September 23, 2020, Defendants

filed the motion for summary judgment at issue here.

### *Summary Judgment Standard*

Summary judgment is properly granted when no genuine and disputed

issues of material fact exist, and, when viewing the evidence most favorably to

the non-moving party, the movant is entitled to judgment as a matter of law.

Civil Rule 56, incorporated by Rule 7056; *Celotex Corp. v. Catrett,* 477 U.S. 317,

322–23 (1986); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001).  In

resolving a motion for summary judgment, the Court does not weigh the

evidence, but rather determines only whether a material factual dispute remains

for trial.  *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997).

An issue of fact is "genuine" if there is sufficient evidence for a reasonable finder

of fact to find in favor of the non-moving party, and a fact is "material" if it

might affect the outcome of the case.  *Far Out Prods.*, 247 F.3d at 992 (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)).

MEMORANDUM OF DECISION– 6

The moving party bears the initial burden of showing there is no genuine

issue of material fact. *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597

(Bankr. D. Idaho 2000) (citing *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)).

If the non-moving party bears the ultimate burden of proof on an element at trial,

however, that party must show the existence of that element in order to survive a

motion for summary judgment. *Id*. (citing *Celotex*, 477 U.S. at 322–23).

While Defendants contend that summary judgment may properly be

granted in their favor, Plaintiffs argue that they should be permitted time to

complete discovery pursuant to Civil Rule 56(d).

### *Analysis and Disposition*

Plaintiffs' Amended Complaint asks the Court to declare that the state

court judgment debt owed to them by Defendants is excepted from discharge

under § 523(a)(2), which provides that an individual debtor will not be

discharged from any debt:

> (2) for money, property, services, or an extension, renewal, or
> refinancing   of credit, to the extent obtained by--
>> (A) false pretenses, a false representation, or actual fraud,
>> other than a statement respecting the debtor's or an insider's
>> financial condition;
>> (B) use of a statement in writing--
>>> (i) that is materially false;

MEMORANDUM OF DECISION– 7

> (ii) respecting the debtor's or an insider's financial
> condition;
> (iii) on which the creditor to whom the debtor is liable
> for such money, property, services, or credit reasonably
> relied; and
> (iv) that the debtor caused to be made or published with
> intent to deceive[.]

11 U.S.C. § 523(a)(2)(A) and (B).

As noted above, it is unclear whether Plaintiffs allege that Defendants

obtained the loan by false representations or through false pretenses, or whether

Plaintiffs contend there is a materially false writing given to them by Defendants

to secure the loan.  This distinction is important, since the elements of claims

under these two subsections vary.  Defendants moved for summary judgment

arguing that there are no material facts in dispute and that they are entitled to

judgment as a matter of law under either Code provision.

To demonstrate that a debt is nondischargeable under § 523(a)(2)(A),

Plaintiffs must prove, by a preponderance of the evidence, that:  (1) Defendants

made representations to them; (2) that at the time they knew were false; (3) that

they were made with the intent to deceive Plaintiffs; (4) that Plaintiffs justifiably

relied on such representations; and (5) that the Plaintiffs sustained the alleged

loss and damage as the proximate result of the misrepresentations having been

MEMORANDUM OF DECISION– 8

made.  *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010) (citing

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081,

1085 (9th Cir. 2000)); *Huskey v. Tolman (In re Tolman)*, 491 B.R. 138, 150-51 (Bankr.

D. Idaho 2013).

The required proof under § 523(a)(2)(B) is somewhat different.  Defendants

must show, again by a preponderance of the evidence, that: (1) Plaintiffs

provided money, property, services or credit to Defendants based on a written

representation of fact by Defendants concerning their financial condition; (2) the

representation was materially false; (3) Defendants knew the representation was

false when made; (4) Defendants made the representation with the intention of

deceiving the Plaintiffs; (5) Plaintiffs relied on the representation; (6) Plaintiffs'

reliance was reasonable; and (7) damage proximately resulted to Plaintiffs.

*Maxwell v. State of Oregon, (In re Maxwell)*, 600 B.R. 62, 69–70 (9th Cir. BAP 2019);

*Depue v. Cox (In re Cox)*, 462 B.R. 746, 756 (Bankr. D. Idaho 2011).

Because direct evidence of intent to deceive is rarely available, "the

[debtor's] intent to deceive may be inferred from the totality of the

circumstances."  *In re Tolman*, 491 B.R. at 154.  As such, Plaintiffs are tasked with

gathering information surrounding the transaction, something most often

MEMORANDUM OF DECISION– 9

accomplished through the mechanism of pretrial discovery.  In response to the

summary judgment motion, and indeed, even prior to the filing of the motion,

Plaintiffs expressed a desire to complete discovery in order to explore and

establish certain relevant facts.  Dkt. No. 32-1 at Ex. 1.

This request prompts consideration by the Court of Civil Rule 56(d),

applicable in this adversary proceeding via Rule 7056.  It provides that, in

considering a motion for summary judgment, "[i]f a nonmovant shows by

affidavit or declaration that, for specified reasons, it cannot present facts essential

to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery;
> or
> (3) issue any other appropriate order."

Fed. R. Civ. P. 56.

Cases interpreting Civil Rule 56(d) have observed that it provides "a

device for litigants to avoid summary judgment when they have not had

sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians*

*Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).  However, a party seeking additional

discovery under Rule 56(d) must "explain what further discovery would reveal

MEMORANDUM OF DECISION– 10

that is 'essential to justify [its] opposition' to the motion[ ] for summary

judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018), *cert. denied*,

139 S. Ct. 1222, 203 L. Ed. 2d 208 (2019) (quoting *Program Eng'g, Inc. v. Triangle*

*Publ'ns, Inc.*, 634 F.2d 1188, 1194 (9th Cir. 1980)).  Moreover, "for purposes of a

Rule 56(d) request, the evidence sought must be more than 'the object of pure

speculation.'" *Stevens*, 899 F.3d at 678 (quoting *California v. Campbell*, 138 F.3d

772, 779–80 (9th Cir. 1998) (citation omitted)).  Rather, a party asserting Civil Rule

56(d) to delay summary judgment in order to conduct further discovery must

state "what other *specific* evidence it hopes to discover [and] the relevance of that

evidence to its claims." *Program Eng'g*, 634 F.2d at 1194 (emphasis added).  To

this end, the Ninth Circuit has established a standard, holding "[t]he requesting

party must show [that]: (1) it has set forth in affidavit form *the specific facts* it

hopes to elicit from further discovery; (2) the facts sought exist; and (3) the

sought-after facts are essential to oppose summary judgment." *Family Home &*

*Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)

(emphasis added); *Stevens*, 899 F.3d at 678.

In response to Defendants' summary judgment motion, Plaintiffs' counsel

filed a declaration setting forth specific facts he hopes to elicit from further

MEMORANDUM OF DECISION– 11

discovery, indicating his belief that these facts will directly contradict the

Defendants' assertions, thereby demonstrating the existence of genuine issues of

material fact precluding entry of summary judgment.  Dkt. No. 31-1.  Defendants

counter, arguing that the discovery Plaintiffs seek is not tailored to produce

information about the material facts of this action, and in any event, that

Plaintiffs have been dilatory in conducting discovery.  Dkt. No. 32 at pp. 3–6.

Turning first to Plaintiffs' counsel's declaration, the Court concludes it

meets the requirements of Civil Rule 56(d).  It adequately details specific facts

that Plaintiffs hope to elicit through discovery, such as that Defendants did not

have business deals that would enable them to repay the loan, and that they

never intended to pay the Plaintiffs the money they borrowed.  Dkt. No. 31-1.  In

this case, where Plaintiffs' claim for relief requires proof of a fraudulent intent,

Plaintiffs have established a plausible need to discover the circumstances

surrounding the transfer at issue in order to oppose the summary judgment

motion as well as to prosecute their case.  Each of the facts specified in the

declaration would be relevant in opposing Defendants' summary judgment

motion.

MEMORANDUM OF DECISION– 12

Regarding Defendants' argument that Plaintiffs have been unjustifiably slow to conduct discovery, the Court disagrees.  Although the adversary proceeding was commenced on May 4, 2020, the pleadings were not settled until August, following denial of Defendants' motion for judgment on the pleadings, and after which the Plaintiffs were given leave to file an amended complaint, which they did.  Dkt. Nos. 1, 5, 18, 20, 23, 26–27.  Thereafter, the Court conducted a pretrial conference on September 2, 2020, and issued a pretrial order giving the parties until January 8, 2021, to complete discovery.  Dkt. No. 27.  That same day, in an email exchange, Defendants' attorney indicated to Plaintiffs' counsel his intention to file a motion for summary judgment; in response, Plaintiffs' lawyer expressed his wish to conduct discovery ahead of the filing of the motion.  Dkt. No. 32-1 at Ex. 1.  On September 23, 2020, Defendants filed the motion for summary judgment, and two days later, Plaintiffs served interrogatories and requests for production of documents on Defendants.  Dkt. No. 32-1 at Exs. 2–3.  Under these facts, the Court declines to label Plaintiffs' discovery efforts as dilatory.

Relief under Civil Rule 56(d) should be granted "fairly freely" if a summary judgment motion is filed "before a party has had any realistic

MEMORANDUM OF DECISION— 13

opportunity to pursue discovery relating to its theory of the case," *Hogue v.*

*Yordy*, No. 1:17-CV-00373-BLW, 2019 WL 4544549, at *2 (D. Idaho Sept. 19, 2019)

(quoting *B.N.S.F. Ry. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*,

323 F.3d 767, 773 (9th Cir. 2003)).  Moreover, granting summary judgment is

generally disfavored "where relevant evidence remains to be discovered," *Hogue,*

2019 WL 4544549, at *2 (quoting *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir.

1988) (citation omitted)).  The Court finds Civil Rule 56(d) relief is appropriately

granted here, and as such, Defendants' motion for summary judgment will be

denied without prejudice.


/ / / / / /


MEMORANDUM OF DECISION– 14

## *Conclusion*

For purposes of Civil Rule 56(d), Plaintiffs have established to the Court's

satisfaction that the discovery they intend to conduct may elicit evidence that

will raise genuine issues of material fact.  Accordingly, Defendants' motion for

summary judgment is denied without prejudice.  A separate order will be

entered.[3]

DATED: November 10, 2020

Jim D. Pappas
U.S. Bankruptcy Judge

---

[3]  In exercising its discretion to defer consideration of Defendants' motion, context is important. Based upon the Court's extensive experience, resolution of claims such as Plaintiffs assert here almost always require detailed fact-finding after a careful consideration of circumstantial evidence concerning the debtor's intent in making representations to the creditor.  Oftentimes, credibility and weight to be assigned to the evidence are lynchpins for any decision, and frequently, factual nuances are critical.  Since the important issues here are intensely factual, and the burden of proof on Plaintiffs is a significant one, they deserve an adequate opportunity to explore and develop the evidence before being asked to defend their claims any further on the merits.

MEMORANDUM OF DECISION– 15