Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email:  mtc@angstman.com

Attorney for Defendants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>RINALDO AND MAILE HUNT,<br><br>    Debtors.<br>_____<br><br>ALISHA LIN, an individual and DENNIS LIN, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>RINALDO HUNT, an individual and MAILE HUNT, an individual,<br><br>    Defendants. | Bankr. Case No.: 20-00137-JDP<br><br><br><br><br><br>Adv. Case No.  20-06015-JDP |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT**

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT – Page 1

Rinaldo Hunt and Maile Hunt (collectively referred to as "Defendants" or the "Hunts"), by and through their counsel of record, ANGSTMAN JOHNSON, and pursuant to Local Bankr. R. 7056.1(b)(1)(A), provides this Statement of Undisputed Facts, in support of their Renewed Motion for Summary Judgment.

## BACKGROUND AND FACTS

This case stems from a $130,000.00 payment made on July 12, 2017 from Plaintiffs Alisha Lin and Dennis Lin (collectively referred to as the "Lins") to the Hunts to assist in the purchase of a home in Irvine, California.

1.  Dennis Lin received a Bachelor of Arts in economics degree from Yale University. After graduating from Yale, Mr. Lin worked for JP Morgan and Credit Suisse before forming his own investment company. During his time at Credit Suisse, Mr. Lin rose to be the global head of interest rate swap trading. In his current position at his own company, Mr. Lin is the Chief Operating Officer. In that role, he is involved in approving investments made by the company. The company's chief investments are through pools of corporate credit which are based on credit derivative securities. According to Mr. Lin, it is a very unique sophisticated product that is not available to retain investment, with fairly sophisticated investment documents involved. *See Declaration of Matthew T. Christensen, Ex. D (Lin Deposition Transcript)* (referred to here as "Lin Depo"): p. 7:21 – 14:24; p. 45:13 – 46:20.

2.  Prior to the loan from the Lins, Rinaldo Hunt represented to the Lins that he would have approximately $110,000.00 in a bank account at the time they made their loan. *See Complaint, Ex. 2.*

3.  At the time the Lins made their loan, on July 12, 2017, the Hunts held approximately $107,000.00 in their bank account. *See Declaration of Rinaldo Hunt, ¶ 3 and Ex.*

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT – Page 2

A; see also Lin Depo, p. 39:18 – 40:6; see also Declaration of Matthew T. Christensen, ¶ 3-4 and Ex. B (RFA 4).

4. Also prior to receiving the loan from the Lins, Rinaldo Hunt represented that he had real estate deals in the works that could be used to repay the Lins loan. *See Complaint, Ex. 2.*

5. At the time the Lins made the loan, Rinaldo Hunt had a real estate purchase and sale agreement which would have provided him approximately $165,000.00 in gross fees. *See Declaration of Rinaldo Hunt, ¶ 4-5, and Exhibit B; see also Second Declaration of Rinaldo Hunt, ¶ 4; see also Declaration of Matthew T. Christensen, Ex. B (RFA 5).*

6. Additionally, at the time of the representation from Rinaldo Hunt, and the loan from the Lins, Rinaldo Hunt also had an interest in a warehouse purchase that was in the works in the Salt Lake City area, which would have provided him approximately $144,000.00 in broker commission. *See Second Declaration of Rinaldo Hunt, ¶ 5 and Ex. A; see also Declaration of Matthew T. Christensen, Ex. B (RFA 5).*

7. Prior to the loan from the Lins, the Lins allege the Hunts "lived a rich lifestyle" by paying for meals, taking trips, etc. *Lin Depo, p. 17:20 – 24; 19:11 – 16; 27:18 – 28:8; 44:4 – 45:1.*

8. Prior to the loan from the Lins, the Lins did not require, and Hunt did not provide, any written financial statement or loan application. *Lin Depo, p. 20:18 – 21:1; 21:20 – 24; Declaration of Matthew T. Christensen, Ex. B (RFA 11 and 12).*

9. There is no written loan agreement or agreement on interest accruing on the loan. There was no collateral for the loan. There was never an extension of any repayment period for the loan, or any renewal or refinance of the loan. *Lin Depo, p. 34:7 – 35:14; see also Declaration of Matthew T. Christensen, Ex B (RFA Nos. 7, 10, 16 and 17).*

10. Prior to making the loan, Dennis Lin alleged several oral statements were made by Rinaldo Hunt. Mr. Lin agrees that all of those oral statements were related to the present or future financial condition of the Hunts, with one exception. Mr. Lin believes Rinaldo Hunt's statements regarding the potential use of the loan funds (i.e., for "optics" with his home loan lender) was not related to the financial condition of the Hunts. *Lin Depo, p. 27:5 – 29:17.* However, Mr. Lin admits that all other oral statements were related to the Hunts financial condition. *See also Declaration of Matthew T. Christensen, Ex. B (RFA 14).*

11. The only pre-loan statements or representations to the Lins that were in writing to support the Lins nondischargeability claims relate to (a) the Hunts' bank balance at the time of the loan and (b) Hunts future ability to repay the loan (through "real estate deals" that were in works at the time). *See Complaint and Lin Depo (generally), and Declaration of Matthew T. Christensen, Ex. B (RFA 15).*

12. The Lins loaned funds to Hunt on July 12, 2017. *Complaint, ¶ 8.*

13. There is no document which limits the Hunts ability to use the loan proceeds. *Lin Depo, p. 23:12 – 18; 24: 4 – 25:4; see also Declaration of Matthew T. Christensen, Ex. B (RFA 6).*

14. The Lins later brought a breach of contract action in Utah against the Hunts alleging that the Hunts did not pay the loan back under the terms of their agreement. *Complaint at 3, ¶ 8.*

15. On June 26, 2019, Lins obtained a judgment against the Hunts in the amount of $130,000 ("Lin Judgment"), which is presently on appeal.[1] *Complaint at 3, ¶ 8; Hunt Bankruptcy Case, Dkt. No. 16 at 34.*

---

[1] The litigation is listed in Part 4 of the Hunt's Statement of Financial Affairs. Hunt Bankruptcy Case, Dkt. No. 16 at 34. The litigation was filed in the Second District Court of the State of Utah, Weber County, and captioned as

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT – Page 4

16. Between the time the judgment was entered, and the filing of the Hunts' bankruptcy petition, the Hunts appealed the judgment. *See Declaration of George Hunt, ¶ 2.*

17. While the appeal was pending, George Hunt sought to fund a supersedeas bond to stay further collection of the judgment. *See Declaration of George Hunt, ¶ 2-5 and exhibits.*

18. After the judgment was entered, while the appeal was pending, the Lins sought to collect on the judgment. The Ada County Sheriff seized certain personal property of the Hunts and sold it at a Sheriff's auction. The Sheriff's auction proceeds were less than $5,000.00, while the actual value of the property seized was in excess of $93,000.00. *See Declaration of Rinaldo Hunt, ¶ 7 and Exhibits C and D.*

19. The Lins did not inquire, and Hunt did not disclose, that the Hunts had previously filed a bankruptcy petition. *See Declaration of Rinaldo Hunt, ¶ 6; Lin Depo, p. 21:25 – 22:2; Declaration of Matthew T. Christensen, Ex. B (RFA 13).*

20. The Lins have not identified any statements made by Maile Hunt, other than her participation in the Hunts lifestyle. Mr. Lin admits that Maile Hunt did not make written statements prior to making the loan. *Lin Depo, p. 32:17 – 33:22.*

DATED this 3rd day of March, 2021.

/s/ Matt Christensen
MATTHEW T. CHRISTENSEN
Attorney for Defendants

---

*Alisha Lin and Dennis Lin v. Rinaldo Hunt, Maile Hunt, and RH Brokerage Services, Inc.*, Case No. 18-0905043. Hunt Bankruptcy Case, Dkt. No. 16 at 34. The case is presently on appeal. *Id.*

STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT – Page 5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2021, I filed the foregoing STATEMENT OF UNDISPUTED FACTS in the above-captioned adversary proceedings electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notices of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@angstman.com |
| Joseph M. Wager | wager@mwsslawyers.com |

Any others as listed on the Court's ECF Notices.

                                             /s/ Matt Christensen
                                             Matthew T. Christensen