Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email:  mtc@angstman.com

Attorney for Defendants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>RINALDO AND MAILE HUNT,<br><br>       Debtors.<br>_____ | Bankr. Case No.: 20-00137-JDP |
| ALISHA LIN, an individual and DENNIS LIN, an individual,<br><br>       Plaintiffs,<br><br>vs.<br><br>RINALDO HUNT, an individual and MAILE HUNT, an individual,<br><br>       Defendants. | Adv. Case No.  20-06015-JDP |

**MEMORANDUM IN SUPPORT OF**
**RENEWED MOTION FOR SUMMARY JUDGMENT**

The Defendants, Rinaldo Hunt and Maile Hunt (the "Hunts"), by and through their counsel

of record, ANGSTMAN JOHNSON, present this Memorandum in Support of Renewed Motion

for Summary Judgment, as follows:

## FACTUAL BACKGROUND

Pursuant to Local Bankruptcy Rule 7056.1, the factual background for this dispute is set

forth in a separate Statement of Facts, filed contemporaneously herewith.

## LEGAL STANDARDS

In adversary proceedings before the bankruptcy court, the familiar summary
judgment standard established in Federal Rule of Civil Procedure 56 applies. *See
Fed. R. Bankr. P. 7056; North Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d
1224, 1227 (9th Cir. 1997). Summary judgment is proper when "the pleadings, the
discovery and disclosure materials on file, and any affidavits show that there is no
genuine issue as to any material fact and that the movant is entitled to judgment as
a matter of law." *Fed.R.Civ.P. 56(c).* An issue is "genuine" only if there is a
sufficient evidentiary basis on which a reasonable fact finder could find for the
nonmoving party, and a dispute is "material" only if it could affect the outcome of
the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
248, 106 S.Ct. 2505 (1986). The party moving for summary judgment has the
burden of showing the absence of a genuine issue of material fact. *Id.*, at 256-57.
The court must view all the evidence in the light most favorable to the nonmoving
party. *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir.,
2001).

This pleading standard does not require detailed factual allegations, but it demands
more than an unadorned, the-defendant-unlawfully-harmed-me-accusation. A
pleading that offers "labels and conclusions or a formulaic recitation of the elements
of a cause of action will not do." Nor does a complaint suffice if it tenders "naked
assertion[s]" devoid of "further factual enhancement." *Crowe v. Moran (In re
Moran)*, 413 B.R. 168, 176 (Bankr. D. Del. 2009)

In response to a properly submitted summary judgment motion, the burden shifts
to the opposing party to set forth specific facts showing that there is a genuine issue
for trial. *Henderson v. City of Simi Valley*, 205 F.3d 1052, 1055-56 (9th Cir., 2002).
The nonmoving party "may not rely on denials in the pleadings but must produce

MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT – Page 2

specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir., 1991).

A court "generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Agosto v. INS*, 436 U.S. 748, 756, 98 S.Ct. 2081 (1978).  "[A]t the summary judgment stage the judge's function is not himself to weight the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

*Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir., 2008); *see also Gamble v. Overton (In re Overton)*, 09.1 IBCR 1 (Bankr. D. Idaho, 2009); *Massie v. Pate (In re Pate)*, 01.2 IBCR 59 (Bankr. D. Idaho, 2001).

Section 523(a)(2) excepts from discharge any:

[debts] for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
      A.    false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
      B.    use of a statement in writing—
         i.   that is materially false;
        ii.   respecting the debtor's or an insider's financial condition;
      iii.   on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
      iv.   that the debtor caused to be made or published with intent to deceive;
         …

*11 U.S.C. §523(a)(2).*

The plaintiff in an action for determination of dischargeability under § 523(a) bears the burden of proving all elements of the claims for relief asserted by a preponderance of the evidence, *Grogan v. Garner*, 498 U.S. 279 (1991).

The Lins do not specify whether they are seeking exemption from discharge under (A) or (B) of Section 523(a)(2).  *See generally* Amended Complaint.  However, since all of the alleged statements upon which the Lins are basing their claims concern Hunts' financial condition, Hunts take the position here as they did in their Motion for Judgment on the Pleadings, that this is a claim

under Section 523(a)(2)(B).  *See* Motion for Judgment on the Pleadings, p. 4; Amended Complaint,

p. 3, ¶ 9.  Nevertheless, in the event the Lins continue to pursue a claim under Section 523(a)(2)(A),

that claim is addressed secondarily here as well.

As this court previously recognized, the elements of an exception to discharge claim

under §523(a)(2)(B) are:

1. The debtor made a representation of fact in writing concerning their financial condition;
2. the representation was materially false;
3. the debtor knew at the time that the representation was false;
4. the debtor made the representation with the intention of deceiving the creditor;
5. the creditor relied on the representation in making the loan;
6. the creditor's reliance was reasonable; and
7. damages proximately resulted from the representation.

*See, e.g., Lin v. Hunt (In re Hunt),* 2020 Bankr. LEXIS 3166, *7-8 (Bankr. D. Idaho, 2020) (citing cases).

At issue here is whether the Hunts made a representation of fact in writing that was (a)

false at the time it was made; (b) made the intent to deceive the Lins; and (c) relied on by the Lins.

> Under § 523(a)(2)(B), Plaintiff is required to prove that Debtor intentionally offered a knowingly false writing when viewed in the totality of the circumstances. *See Tustin Thrift & Loan Ass'n v. Maldonado (In re Maldonado)*, 228 B.R. 735, 738 (B.A.P. 9th Cir. 1999) ("The creditor has the burden to establish intent by a preponderance of the evidence under Section 523(a)(2)(B)." (*citing First Del. Ins. Co. v. Wada (In re Wada)*, 210 B.R. 572, 575 (B.A.P. 9th Cir. 1997))). "Since direct proof of intent to deceive is nearly impossible to obtain, it may be inferred from proof of surrounding circumstances." *Id.* at 738. "For the purposes of Section 523(a)(2)(B), intent [to deceive] is 'established by showing either actual knowledge of the falsity of a statement, or reckless disregard for the truth.'" *Tovar v. Heritage Pac. Fin., LLC (In re Tovar)*, 2012 Bankr. LEXIS 3633, at *12 (B.A.P. 9th Cir. Aug. 3, 2012) (*quoting Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch)*, 237 B.R. 160, 167 (B.A.P. 9th Cir. 1999)).

*Waugh Real Estate Holdings, LLC v. Daecharkhom (In re Daecharkhom)*, 481 B.R. 641, 647-48 (Bankr. D. Nev. 2012).

Similarly, this Court previously recognized the elements of an exception to discharge claim under §523(a)(2)(A) are:

1. The debtor made a representation unrelated to debtor's or an insiders financial condition, or omitted to state a material fact to a creditor that was related to the debtor's or an insiders financial condition;
2. at the time the representation or omission was made, the debtor knew that the representation or omission was false and the debtor was under a duty to disclose the omitted information;
3. the debtor made the subject representation or omission with the intention of deceiving the creditor;
4. the creditor justifiably relied on the statement or omission; and
5. the creditor sustained damages as the proximate result of the representation or omission.

*Lin v. Hunt*, at *7 (citing cases).

Because there is a presumption in favor of discharge, the creditor bears the burden to demonstrate by preponderance of evidence that the exception applies. *See, e.g., Huskey v. Tolman (In re Tolman)*, 491 B.R. 138 (Bankr. D. Idaho, 2013) ("Generally, exceptions to discharge are strictly construed against the objecting creditor and in favor of the debtor in order to effectuate the fundamental policy of providing debtors a fresh start.")

## **ARGUMENT**

Summary judgment is appropriate because there is no genuine issue of material fact regarding certain elements of the Lins claims. Despite amending their Complaint multiple times, first on June 15 and again on August 2, Lins continue to fail to state a claim upon which relief can be granted under Section 523(a)(2).

1. **There was no pre-loan written statement from Hunt that was false.**

The Lins bear the burden of showing that any pre-loan written statement from Hunt was false. The only pre-loan statements from Hunt that the Lins allege are (a) statements regarding Hunt's bank account balance, and (b) statements regarding Hunt's future expected income from

MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT – Page 5

real estate deals.  The Lins allege, without any supporting allegations or facts, that Hunt knew these statements were false.  In fact, both of these statements were true at the time Hunt made them.  Hunt's bank balance had in excess of $107,000.00 at all times between his statements and the loan from the Lins.  *See Statement of Undisputed Facts ("SUF")*, ¶ 2, 3 and 11.  Rinaldo Hunt also had at least two real estate prospects in the works at the time of the loan, which would have provided sufficient funds to pay the Lins.  *See Id.*, ¶ 4, 5, 6 and 11.

Additionally, both Idaho and Utah law prevent predictions about future events from being the basis for a fraud or misrepresentation claim in the absence of actual intent to deceive.  *See, e.g., Sharp v. Idaho Inv. Corp.*, 95 Idaho 113, 122 (1972); *Von Hake v. Thomas*, 705 P.2d 766 (UT, 1985).

Dennis Lin is not an unsophisticated lender.  He has significant educational and professional experience investing funds in various complicated enterprises.  *See Id.*, ¶ 1. Notwithstanding this financial background, the Lins did not ask for any pre-loan written loan application or financial statements from the Hunts.  *Id.*, ¶ 8.  Nor did the Lins require any documentation of the loan in question.  *Id.*, ¶ 9.  Consequently, the Lins are left with grasping at pre-loan statements that were made by Rinaldo Hunt.  Unfortunately for the Lins, the only pre-loan statements in writing regarding their financial situation were, in fact, true.  Accordingly, the Lins cannot prove that the statements were false and cannot show this element of their 523(a)(2)(B) claim.

**2. The Lins cannot prove Rinaldo Hunt's intent to deceive.**

With respect to the element of intent, the intent that must be shown for a determination of non-dischargeability under § 523(a) is actual intent, not merely intent implied in law, or constructive intent; the requisite intent may, however, be inferred from the totality of the

surrounding circumstances.  *In re Anastas*, 94 F.3d 1280 (9th Cir. 1996).  Lins cannot show, by preponderance of the evidence and based on the totality of the circumstances, that Hunt intended to deceive them nor can they show reasonable reliance. Lins' most recent Amended Complaint contains the additional allegations, not previously pled, that "Hunt knew he did not have sufficient funds to purchase his home in Irvine without Lins' money" and that "he never had the means to return Lins' money because he was going to spend it once the bank approved a mortgage."  Of course, Hunt contends that he never intended to deceive the Lins.

To prevail, Lins must show actual intent to deceive and their reasonable reliance.  In their Amended Complaint, Lins allege that Hunt "knew that he never had the means to return Lins' money," and that "This is why Hunt started referring to Lins money as a 'gift' and not a loan." *Amended Complaint* at p. 3, ¶ 9.  Lins' reference to a "gift" rather than a "loan" cannot be used to show reasonable reliance because this is a statement made *after* the Lins' transfer of funds to Hunts.  Further, Lins' allegation that Hunt knew he didn't have the means to return the money is speculation, not evidence.  *See Fischer Inv. Capital, Inc. v. Cohen (In re Cohen),* 507 F3d 610, 614 (7th Cir., 2007).  Further, as outlined above, Rinaldo Hunt's pre-loan statements were, in fact, true.  The Lins cannot show that Rinaldo Hunt's *true statements* were made with the intent to deceive the Lins.

Rinaldo Hunt had funds in his account and expected the two projects would be completed and that his brokerage would receive an influx in funds. *Declaration of Rinaldo Hunt*, p. 2, ¶ 4. The totality of the circumstances shows that Hunt actually expected an influx of cash to be forthcoming and did not make materially false statements.

MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT – Page 7

3. **Hunts' post-loan statements cannot serve as the basis for a 523(a)(2)(B) claim.**

The Lins also allege that Hunt deceived them by failing to disclose a prior bankruptcy from 2009. *Amended Complaint*, p. 3, ¶ 9. Again, this does not show reliance upon a false statement. The correspondence between Hunts and Lins, submitted with Lins' first Amended Complaint, does not show any statements that Hunt made regarding a prior bankruptcy. Absent some inquiry on the part of a creditor, Hunt has no affirmative duty to disclose a prior bankruptcy that was roughly 8 years old at that time and was, in any event, a matter of public record. Lins may have assumed that Hunt did not have any prior bankruptcies, but an assumption is not the same thing as a materially false statement. This was not a typical loan scenario where Hunt filled out or submitted a personal financial statement, with inquiries about previous bankruptcy cases. The Lins never asked, and Hunt had no duty to disclose any prior bankruptcy.

Finally, Lins allege that Hunt "continues to make false representations in this proceeding" and the underlying state proceeding regarding property value and a supersedeas bond. Both issues are addressed factually by the contemporaneously filed Declarations, and the statements made in both proceedings are factually correct – the Sheriff's sale items were drastically undersold, and the Hunts sought a supersedeas bond in the Utah litigation. Regardless, Lins' allegations are that Hunt made post-petition statements, and/or post-loan statements. These statements cannot as a matter of law form the basis of a 523(a)(2)(B) claim – there cannot be reliance on statements made after the Lins made the loans.

4. **The Lins have not identified any pre-loan statements sufficient to prove a 523(a)(2)(A) claim.**

Section 523(a)(2)(A) requires a pre-loan representation or misrepresentation regarding something other than the Hunts financial condition. When pressed, Dennis Lin could identify only a single oral statement from Rinaldo Hunt regarding the potential use of the loan funds (for "optics

MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT – Page 8

with his home loan lender).  Mr. Lin agreed all other oral statements were related to the Hunts'

financial condition.  Further, many of the alleged "misrepresentations" were, in fact, assumptions

and inferences Mr. Lin drew from the Hunts lifestyle (paying for lunches and vacation trips, for

instance).  *See Deposition of Dennis Lin* (attached to the Declaration of Matthew T. Christensen),

p. 18:21 – 19:16; 44:4 – 45:1.

  With regard to the one non-financial-condition statement identified by Mr. Lin (and

representation regarding the use of the loan proceeds), that statement was similarly true at the time

it was made.  *See Second Declaration of Rinaldo Hunt*, ¶ 6.  The Lins have presented no evidence

that this statement was (a) not actually related to the Hunts financial condition[1] or (b) not actually

true.  In fact, at the time the statement was made, that was the exact intention the Hunts had for

the use of the loan proceeds.  This is further supported by the fact that the Hunts expected

significant income from Mr. Hunts brokerage activities which could further be used to repay the

loan funds if necessary.

**5.  <u>The Lins have not identified any statements made by Maile Hunt.</u>**

  All of the statements identified by the Lins as supporting their nondischargeability claims

are statements that Rinaldo Hunt made.  The Lins have not identified any statements made by

Maile Hunt, other than her participation in the lifestyle.  *See Lin Depo*, p. 33:6-22.  Of course, a

"lifestyle" is not the sort of evidence required to prove a nondischargeability claim – especially if

that lifestyle is being used to show a statement related to the financial condition and ability to repay

a loan.  In the absence of any statements or representations by Maile Hunt, the claims against her

must be dismissed.

---

[1] The Hunts affirmatively argue that even this statement is a statement respecting their financial condition – i.e., a statement about what they intended to use the loan funds for.

Lins do not have, and cannot present, evidence sufficient to overcome the fact that every statement they base their claims on was either true, or made after they loaned funds to the Hunts. Nearly every "fact" outlined by the Lins is simply speculation or untrue, which is insufficient to prove the elements of their claims. Consequently, summary judgment on all of the Lins claims is appropriate.

## REQUEST FOR ATTORNEY'S FEES

In the event this Court grants the Hunts' request for summary judgment, they are entitled to attorney's fees and costs pursuant to 11 U.S.C. §523(d). The Hunts request the court award them attorney's fees and costs in an amount to be proven after summary judgment is entered.

## CONCLUSION

For the reasons outlined above, the Hunts renew their request that this Court grant them summary judgment, and award attorney's fees and costs in this proceeding.

DATED this 3rd day of March, 2021.

                            /s/ Matt Christensen
                            MATTHEW T. CHRISTENSEN
                            Attorney for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2021, I filed the foregoing MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew T. Christensen                    mtc@angstman.com
Joseph M. Wager                           wager@mwsslawyers.com


Any others as listed on the Court's ECF Notice.




                              /s/ Matt Christensen
                           Matthew T. Christensen