Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@angstman.com

Attorney for Defendants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>RINALDO AND MAILE HUNT,<br><br>    Debtors. | Bankr. Case No.: 20-00137-JDP |
| ALISHA LIN, an individual and DENNIS LIN, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>RINALDO HUNT, an individual and MAILE HUNT, an individual,<br><br>    Defendants. | Adv. Case No. 20-06015-JDP<br><br>SECOND DECLARATION OF RINALDO HUNT |

Pursuant to 28 U.S.C. §1746, the undersigned submits the following Declaration, signed under penalty of perjury, in support of the Renewed Motion for Summary Judgment submitted by the Defendants in this adversary proceeding.

1. My name is Rinaldo Hunt, I am of sufficient age and competency to testify to the matters stated herein of which I have personal knowledge.

SECOND DECLARATION OF RINALDO HUNT – Page 1

2.	I am a debtor in the Bankruptcy case and a Defendant in the Adversary Proceeding.

3.	At the time I first began communicating with Dennis Lin regarding bridge financing for the purchase of the Irvine, California home, I had several business deals that I anticipated closing in the end of the fourth quarter of the year and expected an influx of funds, in the form of real estate commissions, from those deals.

4.	In my prior Declaration, I identified a Millcreek property deal which was pending at the time of the loan from the Lins.  The date of that contract was June 27, 2017.  However, the contract had been negotiated for a long period of time prior to the actual signing of the agreement. I felt the close of the transaction was imminent sometime early 4th quarter based on how negotiations had been conducted, the feedback from my client and the my discussions with various Millcreek City officials related to the entitlement process that my client was pursuing. The transaction was contracted and in escrow prior to the Lin's loaning any funds.

5.	At the time of the statement to the Lins regarding pending deals, I was pursuing a transaction on behalf of a client as his broker for the purchase of the property known as the "Wagner Building."  I was in receipt of a signed Letter of Intent from the client interested in purchasing the Wagner Building at the time of my text to Dennis Lin.  Attached here as Exhibit A is a copy of that LOI.  The Wagner Building deal later fell through when the selling broker found a Buyer that was willing to use him as a broker and offered a higher price. I found out my client was not selected as the buyer for the Wagner Building after the Lins had already loaned their funds.

6.	At the time I described the necessity of the Lin loan, I told the Lins it was needed in order to show our potential home loan lender that we had sufficient liquid assets to justify a loan.  In other words, for "optics" for the home loan lender.  At the time I requested the loan from the Lins, this was a true statement.  We had not yet received any notice that any real estate deals would not,

SECOND DECLARATION OF RINALDO HUNT – Page 2

actually, be closing, and were confident in our ability to pay required monthly mortgage payments – we had not struggled to do so previously. At that time, we did not anticipate needing to use the loan funds to pay regular living expenses.

7. I declare under penalty of perjury that the foregoing is true and correct.

DATED this 3rd day of March, 2021.

      /s/ Rinaldo Hunt_____
RINALDO HUNT

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2021, I filed the foregoing DECLARATION electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Matthew T. Christensen      mtc@angstman.com
Joseph M. Wager      wager@mwsslawyers.com

Any others as listed on the Court's ECF Notice.

      /s/ Matt Christensen_____
Matthew T. Christensen

# EXHIBIT A



April 21, 2017

Rinaldo Hunt
C/O Basbro
2177 Highland Drive
Salt Lake City, UT 84106

**Re:** **Counter Proposal to Purchase**
**2323 South 900 West**
**Salt Lake City, UT**

Dear Rinaldo:

On behalf of First Industrial ("Seller"), I present the following terms and conditions to Basbro, LLC and/or Assignee, to consider purchasing the above referenced Property:

| | |
|---|---|
| **Property:** | 2323 South 900 West comprised of 122,900 SF and situated on 7.8 Acres in Salt Lake City, UT. |
| **Seller:** | First Industrial |
| **Buyer:** | Basbro, LLC, and/or Assignee |
| **Purchase Price:** | $4,800,000 |
| **Escrow Deposit:** | Within Three (3) days of opening of escrow, Buyer shall deposit Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Escrow Deposit") with First American Title, which will act as the Escrow and Title Insurance Company. The Buyer shall have Thirty (30) days to review the Due Diligence materials. Upon the expiration of Due-Diligence, the Escrow Deposit will become non-refundable and applied to the purchase price. |





| | |
|---|---|
| **Opening of Escrow:** | Escrow shall be deemed open when both parties have fully executed a Purchase and Sale Agreement to be prepared by Seller. |
| **Closing:** | Closing shall occur ~~Ten (10)~~ **Thirty (30)** days after the expiration of Due Diligence. |
| **Due Diligence Period:** | Buyer shall have Thirty (30) days after the execution of Purchase and Sale Contract and receipt of Due Diligence Materials (the "Due Diligence Period") to inspect the Subject Property at which time the Escrow Deposit shall be non-refundable and applied to the Purchase Price. |
| | Due Diligence materials will consist of the following items in Seller's possession (if available): Leases, Phase I Environmental report, Property Tax Bills, Service Contracts, Preliminary Title Report, and an ALTA Survey. |
| | Seller shall permit Buyer and its agents the right to enter upon the property on reasonable notice during the Due Diligence Period for purposes of conducting inspections. Said inspections shall be subject to Buyer and/or contractors providing insurance to be outlined in the PSA. |
| **Title Insurance:** | At closing, Seller shall pay for the standard owner's title insurance policy. Buyer will be responsible for title endorsements. First American Title shall provide said title insurance. |
| **Prorations:** | Buyer will receive a proration at Closing in an amount equal to the Property taxes and assessments, and other items of income and expense as of midnight of the day preceding Closing. |
| **Closing Costs:** | Seller shall be responsible for the cost of a standard owners title insurance policy and one-half (1/2) of any escrow and recording fees. Buyer shall pay for |



**3**    SALE TERMS AND CONDITIONS
FOR CONSIDERATION BY:    BASBRO



|  |  |
|---|---|
|  | an extended title policy, updated survey, updated Phase I, and one-half (1/2) the cost of any escrow and recording fees. |
| **Brokerage Commissions:** | Seller shall be responsible for a sales commission to be paid to Newmark Grubb Acres & RH Brokerage Services directly through escrow upon successful closing per the terms of a separate agreement. |
| **Acceptance:** | This Offer shall remain in effect until 5:00 p.m. (CST) on **Wednesday, April 26, 2017**, at which time it shall become null and void. |
| **Limiting Conditions:** | The transmission of this Offer is for review purposes only, and shall not be deemed to be a meeting of the minds with respect to the content thereof. The proposal shall not be valid nor binding upon Seller or Buyer unless and until Seller and Buyer have executed the Purchase and Sale Agreement. This Offer is subject to withdrawal or modification by either Seller or Buyer at any time prior to full execution of the Purchase and Sale Agreement. Seller and Buyer reserve the right to negotiate with other parties prior to the mutual execution of the Purchase and Sale Agreement. |
| **Approvals:** | This Offer shall remain subject to Sellers Management Committee authorization. |






We truly appreciate your interest and look forward to your favorable response. This Offer is non-binding on either party until mutual execution of a Purchase and Sale Agreement.

Sincerely,

FIRST INDUSTRIAL REALTY TRUST, INC.

James Redland

cc: John Strabel; First Industrial Realty Trust, Inc.
    Luke Burbank, Bryce Blanchard; Newmark

Agreed & Accepted:

Buyer:   Basbro, LLC and/or assignee

By: _____ B. Brozilek

Its: _____