# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Rinaldo E. Hunt and Maile N. Hunt,<br><br>Debtors. | Bankruptcy Case<br>No. 20-00137-TLM |
| Dennis Lin and Alisha Lin,<br><br>Plaintiffs,<br><br>v.<br><br>Rinaldo E. Hunt and Maile N. Hunt,<br><br>Defendants. | Adversary Proceeding<br>No. 20-06015-JDP |

## MEMORANDUM OF DECISION

Appearances:

Sean N. Egan, Salt Lake City, Utah, counsel for Plaintiffs.

Matthew Todd Christensen, ANGSTMAN JOHNSON, PLLC, Boise, Idaho, counsel for Defendants.

MEMORANDUM OF DECISION – 1

*Introduction*

This adversary proceeding focuses upon the dischargeability of a debt owed to Plaintiffs Alisha and Dennis Lin by Defendants Rinaldo and Maile Hunt.

On September 23, 2020, Defendants filed a motion for summary judgment ("the First Motion") which Plaintiffs opposed. Dkt. Nos 29; 31. After a hearing, the First Motion was denied without prejudice on November 10, 2020, in part to allow the parties to conduct additional discovery. *See* Memorandum of Decision at p. 15, Dkt. No. 35.

Defendants have now renewed their summary judgment motion ("the Renewed Motion"), which Plaintiffs again oppose. Dkt. Nos. 51; 55. Argument concerning the Renewed Motion took place on July 27, 2021, at the conclusion of which the Court orally granted the Renewed Motion with respect to all claims by Plaintiffs against Defendant Maile Hunt; the Court took the issues respecting Plaintiffs' claims against Defendant Rinaldo Hunt ("Rinaldo")[1] under advisement. Dkt. No. 57.

---

[1] The Court refers to Defendant by his first name solely for clarity; no disrespect is intended.

MEMORANDUM OF DECISION – 2

The Court has considered the record and parties' submissions and arguments. This Memorandum constitutes the Court's findings, conclusions, and reasons for its disposition of the Renewed Motion. Rules 7052; 9014.[2]

### Facts

From the parties' submissions, the following facts appear.

Plaintiffs loaned $130,000 to Defendants on July 12, 2017 to assist Defendants in their purchase of a residence in California. Plaintiff's Opp. to Renewed Motion for Summary Judgment at p. 4, Dkt. No. 55. The parties executed no documents to evidence the loan terms, but Plaintiffs understood Defendant would repay the money within sixty days. *Id.* at p. 5. It is undisputed that Defendants had, or would have, access to approximately $110,000 at the time the loan was extended. *Id.* Prior to asking for or receiving the loan proceeds from Plaintiffs, Defendants had completed and submitted at least one residential home loan application to a lender, the results of which are not in the record. Dkt. No. 59, Ex. 3.

---

[2] Unless otherwise indicated, all chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION – 3

Rinaldo, a real estate broker, represented to Plaintiffs that he had two pending real estate deals in the works that, when closed, would enable Defendants to promptly repay the loan. Dkt. No. 51 at ¶ 4. More precisely, in a text massage Rinaldo sent to Plaintiffs, he stated:

> I understand the money you are going to bridge us has a cost. I need to ensure the optics are there for the lender and we have enough to cover the basics. I am closing two deals early 4th quarter and should be more than able to repay any remaining obligations…At a minimum the majority of your dough will be back in your pocket shortly after we close in CA from the Utah proceeds[.]

Dkt. No. 55, Ex. 2.

Plaintiffs now contend that Rinaldo's statements that Defendants needed the loan funds to favorably impress a lender, *i.e.*, for "optics", and that Defendants would quickly repay the debt, were not true at the time Rinaldo made them, and that he intended to deceive Plaintiffs all along by using the loan money as a down payment on the home Defendants were purchasing, not to pay back the loan. Dkt. No. 55.

Defendants offer a different version of the facts. They contend that, at the time Rinaldo made these statements to Plaintiffs, they were in fact true, and it was only because the real estate deals fell through that the purpose and use of

MEMORANDUM OF DECISION – 4

the loan proceeds changed, and consequently, Defendants were unable to repay

the loan. Def. Memo. in Support of Renewed Summary Judgment Motion, Dkt.

No. 51, Ex. 2.

In addition to the one mentioned above, Defendants submitted another

Residential Home Loan application to a different lender on September 25, 2017,

about two and a half months after receiving the loan from Plaintiffs. Dkt. No. 59,

Ex. 7. At that time, the real estate deals that Rinaldo alleges would have provided

him with a substantial amount of money, had not yet, nor would they ever,

close.[3] The Residential Home Loan application represents that Defendants would

be paying $173,372.37 down on the house purchase, of which approximately

$130,000 came directly from the money Plaintiffs had loaned to them. Dkt. No.

59, Exs. 3 & 7.

Defendants failed to repay the loan. Plaintiffs sued them in state court in

Utah, and on June 26, 2019, the state court granted judgment to Plaintiffs against

Defendants for the $130,000. Defendants appealed. Dkt. No. 29 at ¶¶ 6–7; Dkt.

No. 31 at pp. 4–5. On February 6, 2020, Defendants filed a chapter 7 bankruptcy

---

[3] Plaintiffs dispute that these "deals" ever existed. Dkt. No. 55, p. 11.

MEMORANDUM OF DECISION – 5

petition. *In re Hunt*, 20-00137-TLM at Dkt. No. 1. On May 4, 2020, Plaintiffs

commenced this adversary proceeding in which they seek to have the debt

represented by the state court judgment against Defendants excepted from

discharge under §§ 523(a)(2)(A) & (B). [4] Dkt. Nos. 1; 20.

On May 27, 2021, Defendants filed the Renewed Motion for Summary

Judgment, Dkt. No. 51,[5] which Plaintiffs oppose. Dkt. No. 55. The Court

conducted a hearing on July 27, 2021, and orally granted the Renewed Motion

with respect to any claims against Ms. Hunt. The Court took Defendants'

Renewed Motion under advisement with respect to Plaintiffs' claims against Mr.

Hunt.

//

//

---

[4] Although it was initially not apparent to the Court which subsection of § 523(a)(2) Plaintiffs relied upon, at oral argument on the Renew Motion, counsel for Plaintiff made their position clear that the debt should be excepted from pursuant to either or both §§ 523(a)(2)(A) & (B).

[5] After the First Motion was denied without prejudice, on March 3, 2020, Defendants filed yet another motion for summary judgment largely based on Plaintiffs' deemed admissions made during discovery by not timely responding to Defendants' requests for admissions. See Dkt. No. 39. In response, Plaintiffs filed a motion to amend the responses to Defendants' requests for admissions, Dkt. No. 42, which, after a hearing on the matter, this Court granted. Dkt. No. 50. At the same time, the Court denied Defendants' second motion for summary judgment but extended the deadline to file complete discovery and file any other pre-trial motions.

MEMORANDUM OF DECISION – 6

*Summary Judgment Standard*

This Court has explained the applicable summary judgment standard in its

prior decision denied the First Motion:

> Summary judgment is properly granted when no genuine and
> disputed issues of material fact exist, and, when viewing the
> evidence most favorably to the non-moving party, the movant is
> entitled to judgment as a matter of law. Civil Rule 56, incorporated
> by Rule 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Far
> Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). In resolving
> a motion for summary judgment, the Court does not weigh the
> evidence, but rather determines only whether a material factual
> dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116
> F.3d 830, 834 (9th Cir. 1997). An issue of fact is "genuine" if there is
> sufficient evidence for a reasonable finder of fact to find in favor of
> the non-moving party, and a fact is "material" if it might affect the
> outcome of the case. *Far Out Prods.*, 247 F.3d at 992 (citing *Anderson
> v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)).
>
> The moving party bears the initial burden of showing there is
> no genuine issue of material fact. *Esposito v. Noyes (In re Lake Country
> Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000) (citing *Margolis v.
> Ryan*, 140 F.3d 850, 852 (9th Cir. 1998)). If the non-moving party
> bears the ultimate burden of proof on an element at trial, however,
> that party must show the existence of that element in order to
> survive a motion for summary judgment. *Id*. (citing *Celotex*, 477 U.S.
> at 322–23).

*Lin v. Hunt (In re Hunt)*, 2020 WL 6821784, at *2 (Bankr. D. Idaho Nov. 10, 2020);

Memorandum of Decision at pp. 6–7, Dkt. No. 35. Once the movant has satisfied

its burden, the nonmovant "must show more than the mere existence of a

scintilla of evidence" or "some 'metaphysical doubt' as to the material facts at

MEMORANDUM OF DECISION – 7

issue." *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897–98 (9th Cir. 2021) (citing *Nursing Home Pension Fund, et al. v. Oracle Corp., et al. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986))). The nonmovant must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (citing *Celotex*, 477 U.S. at 324 (quoting former Fed. R. Civ. P. 56(e) (1963))).

Additionally, "[f]ailure to sustain this burden as to any required element of a cause of action is fatal to that cause, even if issues are shown to exist as to other elements. A complete failure on one element necessarily renders the other elements 'Immaterial' whether factually disputed or not." *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. at 597 (citing *Celotex*, 477 U.S. at 323).

Assertions that a fact is either undisputed or is genuinely in dispute must be supported through citation to specific portions of the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion

MEMORANDUM OF DECISION – 8

only), admissions, interrogatory answers, or other materials" or by "showing

that the materials cited do not establish the absence or presence of a genuine

dispute, or that an adverse party cannot produce admissible evidence to support

the fact." *Cheirett v. Biggs (In re Biggs)*, 563 B.R. 319, 322 (Bankr. D. Idaho 2017)

(citing Civil Rule 56(c)(1); (quoting *Celotex*, 477 U.S. at 323).

### *Analysis and Disposition*

Plaintiffs' Amended Complaint asks this Court to declare the debt owed to

them by Defendants is excepted from discharge pursuant to §§ 523(a)(2).[6] This

statute provides that an individual debtor will not be discharged from any debt:

> (2) for money, property, services, or an extension, renewal, or
> refinancing of credit, to the extent obtained by—
>
>> (A) false pretenses, a false representation, or actual fraud, other
>> than a statement respecting the debtor's or an insider's financial
>> condition;
>> (B) use of a statement in writing—
>>> (i) that is materially false;
>>> (ii) respecting the debtor's or an insider's financial condition;
>>> (iii) on which the creditor to whom the debtor is liable for
>>> such money, property, services, or credit reasonably relied;
>>> and

---

[6] To the extent that any elements of § 523(a)(6) exception to discharge were raised or discussed
at the hearing on the Renewed Motion, no claim for relief under that provision was properly
pled by Plaintiffs and, thus, are not at issue in this adversary proceeding.

MEMORANDUM OF DECISION – 9

(iv) that the debtor caused to be made or published with intent to deceive[.]

§ 523(a)(2)(A) and (B).

**1. Applicable Law.**

Section 523(a)(2)(A) "should not be read more broadly than necessary to effectuate policy, e.g., preventing debtors from avoiding debts incurred by fraud or other culpable conduct" and, thus, should be "construed strictly against creditors and in favor of debtors." *Fetty v. DL Carlson Enterprises, Inc. (In re Carlson)*, 426 B.R. 840, 854 (Bankr. D. Idaho 2010) (citing *Ghomeshi v. Sabban (In re Sabban)*, 384 B.R. 1, 5–6 (9th Cir. BAP 2008)). Under § 523(a)(2)(A), Plaintiffs must demonstrate by a preponderance of the evidence:

> (1) Defendant made representations to Plaintiffs;
> (2) that at the time he knew were false;
> (3) that they were made with the intent to deceive Plaintiffs;
> (4) that Plaintiffs justifiably relied on such representations; and
> (5) that the Plaintiffs sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*Lin v. Hunt (In re Hunt)*, No. AP 20-06015-JDP, 2020 WL 6821784, at *3 (Bankr. D. Idaho Nov. 10, 2020) (citing *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010) and *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re*

MEMORANDUM OF DECISION – 10

*Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000)). Importantly, the representation

must be one that does not concern the Debtor's financial condition.

The requirements under § 523(a)(2)(B) are only slightly different. It

provides that an individual may not discharge a debt to the extent a loan was

obtained by:

> (B) use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive[.]

§ 523(a)(2)(B). Like § 523(a)(2)(A), Plaintiffs must prove each element by a

preponderance of the evidence, which elements the Ninth Circuit has restated as

follows:

> (1) Plaintiffs provided money, property, services or credit to Defendants based on a written representation of fact by Defendant concerning his financial condition; (2) the representation was materially false; (3) Defendant knew the representation was false when made; (4) Defendant made the representation with the intention of deceiving the Plaintiff; (5) Plaintiff relied on the representation; (6) Plaintiff's reliance was reasonable; and (7) damage proximately resulted to Plaintiff.

MEMORANDUM OF DECISION – 11

*Gertsch v. Johnson & Johnson (In re Gertsch)*, 237 B.R. 160, 167 (9th Cir. BAP 1999)

(citing *Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir.

1996)).

The Ninth Circuit BAP has observed that, at bottom, the elements for

§ 523(a)(2)(B) are the same as the elements for § 523(a)(2)(A), with the primary

exception being that the fraudulent representations were made in writing. *Siriani*

*v. Northwestern Nat. Ins. Co. (In re Siriani)*, 967 F.2d 302, 304 (9th Cir. 1992). In

other words, to except a debt from discharge, a creditor must prove the same

elements under both Code sections, but § 523(a)(2)(A) requires that the subject

misrepresentation must not concern the Defendant's financial condition and is

contained in a writing requirement, whereas § 523(a)(2)(B) requires a written

misrepresentation about a debtor's financial condition. Section 523(a)(2)(B)

requires reasonable reliance by the creditor on the misrepresentation; the

somewhat lower justifiable reliance standard applies under § 523(a)(2)(A). *Field v.*

*Mans*, 516 U.S. 59, 74–75, 116 S. Ct. 437, 133 L. Ed.2d 351 (1995).

**2. Disposition of the Motion.**

*A.  Plaintiffs' § 523(a)(2)(A) Claim.*

MEMORANDUM OF DECISION – 12

At the hearing and in their briefing on the Renewed Motion, Defendants took a targeted approach, arguing that summary judgment on Plaintiffs' § 523(a)(2)(A) claim is appropriate because Rinaldo's statements upon which Plaintiffs rely all relate to Defendants' financial condition, and so, are not actionable under that discharge exception. Furthermore, Defendants argue that summary judgment under both Code sections is appropriate for two more reasons: 1) Defendant did not make any false statement because any statement relied upon by Plaintiffs for their claim was in fact true at the time Defendant made the statement; and 2) Defendant did not know that the statements were false at the time the statements were made.

Did Rinaldo's statements concern Defendants' financial condition? If so, Plaintiffs' § 523(a)(2)(A) claim necessarily fails. To decide, the Court looks first to the language of the statute.

Section 523(a)(2)(A) bars discharge of debts arising from "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition." As the Supreme Court has instructed, this Code provision is not limited solely to formal representations made by a debtor to a proposed creditor, such as in a loan application or financial statement. Instead, in

MEMORANDUM OF DECISION – 13

this context, a "statement" is "the act or process of stating, reciting, or presenting orally or on paper; something stated as a report or narrative; a single declaration or remark." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1759, 201 L. Ed. 2d 102 (2018) (quoting Webster's Third New International Dictionary 2229 (1976)).

"Financial condition," as used in this Code provision, refers to a debtor's overall financial status. *Id*. And "respecting" means "in view of: considering; with regard or relation to: regarding; concerning." *Id*. (quoting Webster's Third New International Dictionary 1934 (1976).[7] Put another way, the term "respecting" is broad; it covers not only the subject of the provision itself, but also any matters relating to that subject. *Id*. (citing *Kleppe v. New Mexico*, 426 U.S. 529, 539, 96 S. Ct. 2285, 49 L.Ed.2d 34 (1976)). Indeed, the Supreme Court has observed that a single representation about even one asset can qualify as a

---

[7] Other sources are in accord. *See Lamar, Archer & Cofrin, LLP*, 138 S. Ct. at 1759 (citing American Heritage Dictionary 1107 (1969) ("[i]n relation to; concerning"); Random House Dictionary of the English Language 1221 (1966) ("regarding; concerning"); Webster's New Twentieth Century Dictionary 1542 (2d ed. 1967) ("concerning; about; regarding; in regard to; relating to")).

MEMORANDUM OF DECISION – 14

statement respecting a debtor's financial condition and can justify an exception to discharge under § 523(a)(2)(B). *Id*.[8]

Plaintiffs target two representations Rinaldo made to them about the proposed loan. First, they point to his statement that the purpose of the loan was for "optics," that is, to persuade his lender that Defendants were financially viable, rather than use of the proceeds for the down payment for the home purchase. Second, Plaintiffs rely on Rinaldo's representation that Defendants would repay the loan "quickly", after the pending real estate deals closed. To bring them within the ambit of § 523(a)(s)(A), Plaintiffs insist that the representations made in Rinaldo's text messages are not respecting Defendants' financial condition, but were, rather, just "promises." The Court disagrees.

Simply calling the subject statements promises, as the Plaintiffs ask this Court to do, does not change their substance. Given the expansive reading

---

[8] *See Lamar, Archer & Cofrin, LLP*, 138 S. Ct. at 1761 ("[A] statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status. A single asset has a direct relation to and impact on aggregate financial condition, so a statement about a single asset bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not. Naturally, then, a statement about a single asset can be a "statement respecting the debtor's financial condition.").

MEMORANDUM OF DECISION – 15

assigned to the terms of § 523(a)(2) by the Supreme Court, the Court concludes

that both of Rinaldo's statements are "respecting" Defendants' financial

condition. That Rinaldo stated that the funds advanced by Plaintiffs would be

used for "optics" respects Defendants' financial condition in this context because

it was intended by the parties to create the impression that Defendants were

financially viable, a clear reference to Defendants' financial status and

creditworthiness. Rinaldo's statement that the loan would be repaid promptly

also respects Defendant's financial condition for the same reason: a

representation about Defendants' ability to repay is directly related to their

financial status and viability.[9]

Plaintiffs' failure to sustain their burden as to only one required element of

their § 523(a)(2)(A) claim is fatal and renders the other elements immaterial,

whether the other elements are factually disputed or not. *Esposito v. Noyes (In re

Lake Country Invs.)*, 255 B.R. at 597. As a result, the Court need not examine

---

[9] Although Plaintiffs argue that any statements made by Rinaldo that he had real estate deals in the works that would provide him with an influx of cash shortly after Plaintiffs advanced these funds are secondary to the other two statements identified above, to the extent those statements were relied upon to support this claim, such representations also constitute statements respecting the Defendants' financial condition, because they concern their access to cash to repay the loan.

MEMORANDUM OF DECISION – 16

arguments concerning the other elements, Defendants' motion for summary

judgment will be granted dismissing Plaintiffs' § 523(a)(2)(A) claim.

### B.  Plaintiffs' § 523(a)(2)(B) Claim.

Plaintiffs' § 523(a)(2)(B) claim against Rinaldo is founded on the same two

representations discussed above. To justify a summary judgment on this claim,

Defendants argue that the record establishes these statements were not false at

the time they were made, or even if they were untrue, Rinaldo had no

knowledge of that. As before, the Court will only examine these two elements,

and not any other elements required, under § 523(a)(2)(B) for the purposes

disposing of the Renewed Motion. Put another way, is there an issue of material

fact about whether Rinaldo's two statements were, at the time they were made,

"materially false" and whether Rinaldo had knowledge of this falsity?

While its decision involved a debtor's formal financial statement submitted

to a bank, the Ninth Circuit BAP's comments in *Wirkkala v. First Mutual Bank (In

re Wirkkala)*, 2006 WL 6811038, at *7 (9th Cir. BAP 2006) are instructive about

"material falsity" for these purposes:

> A financial statement that leaves any discrepancy between the
> overall impression left by the statement and the endorser's true
> financial status gives rise to a material falsehood for purposes of

MEMORANDUM OF DECISION – 17

§ 523(a)(2)(B). A long line of cases has held that in a personal financial statement, the omission, concealment, or understatement of any of a debtor's material liabilities constitutes a materially false statement.

*Wirkkala v. First Mutual Bank (In re Wirkkala)*, 2006 WL 6811038, at *7 (cleaned up).[10] Numerous courts have wrestled with what constitutes a "material" falsity for purposes § 523(a)(2)(B). While no precise definition has emerged, the case law is uniform that merely showing that a statement is factually incorrect is insufficient. Rather, courts have found a materially false statement to be one which "paints a substantially untruthful picture of a financial condition by misrepresenting information of the type which would normally effect the decision to grant credit." *First Interstate Bank v. Greene (In re Greene)*, 96 B.R. 279, 283 (9th Cir. BAP 1989) (quoting *Borg Warner Central Env't Sys. v. Nance (In re Nance)*, 70 B.R. 318, 321 (Bankr. N.D. Tex. 1987)). In other words, as this Court

---

[10] Use of the "(cleaned up)" parenthetical in this Memorandum indicates that the Court has removed extraneous, non-substantive clutter (such as brackets, quotation marks, ellipses, footnote signals, and internal citations) and may have also altered capitalization without indicating such changes in brackets. Any alterations are used solely to enhance readability without altering the substance of the quotation. *See, e.g.,* J. Metzler, *Cleaning Up Quotations*, 18 J. APP. PRAC. & PROCESS 143, 154 (2017) (*see also Brownback v. King*, 141 S. Ct. 740, 748, 209 L. Ed. 2d 33 (2021); *Mendez v. Moonridge Neighborhood Ass'n, Inc.*, No. 1:19-CV-00507-DCN, 2021 WL 276694, at *2 (D. Idaho Jan. 26, 2021)).

understands this standard, if a debtor's representations in a writing given to a creditor to obtain credit, were they known by the creditor to be untrue would cause the creditor to reconsider its decision, the statements are materially false.

The analysis for the knowledge and intent elements in § 523(a)(2)(B) can overlap and many courts analyze the two elements together. *See, e.g. Hirth v. Donovan (In re Hirth)*, No. ADV 11-00474, 2014 WL 7048395, at *10 (9th Cir. BAP 2014); *Gertsch v. Johnson & Johnson (In re Gertsch)*, 237 B.R. at 167. [11] Plaintiffs can satisfy the knowledge element by showing Rinaldo had actual knowledge of the falsity of the representations, or that he exhibited a reckless disregard for their truth. *Gertsch v. Johnson & Johnson (In re Gertsch)*, 237 B.R. at 167. In the Ninth Circuit, the "reckless disregard" means that a debtor exhibits "reckless indifference to his actual circumstances." *Hirth v. Donovan (In re Hirth)*, 2014 WL 7048395, at *7. [12] In other words, "[a] representation may be fraudulent, without

---

[11] This overlapping analysis makes sense. How could it be said that Rinaldo intended to deceive Plaintiffs if he had no knowledge that his statement was false?

[12] Reckless conduct requires more than simple or even inexcusable negligence. *Advanta Nat'l Bank v Kong (In re Kong)*, 239 B.R. 815, 826–27 (9th Cir. BAP 1999). Recklessness is that conduct that involves such an extreme "departure from the standards of ordinary care that it presents a danger of misleading." Id. (quoting 69 A AM. JUR. 2d Securities Regulation—Federal § 1284 (1993); *see also Houtman v. Mann (In re Houtman)*, 568 F.2d 651, 656 (9th Cir. 1978)) ("'[R]eckless indifference to the actual facts, without examining the available source of knowledge which lay at hand, and with no reasonable ground to believe that it was in fact correct' [is] sufficient to

MEMORANDUM OF DECISION − 19

actual knowledge of its falsity, if the person making it is conscious that he has

merely a belief in its existence and recognizes that there is a chance, more or less

great, that the fact may not be as it is represented." *Id*. (citing *Gertsch v. Johnson &*

*Johnson (In re Gertsch)*, 237 B.R. at 168 (quoting Restatement (Second) of Torts

§ 526 cmt. e (1977) (internal quotation marks omitted)).

Knowledge of falsity, as with intent, may be inferred by circumstantial

evidence and from the debtor's conduct. *Paik v. Lee (In re Lee)*, 536 B.R. 848, 858

(Bankr. N.D. Cal. 2015) ("As with § 523(a)(2)(A), knowledge and intent [under

§ 523(a)(2)(B)] can be inferred from surrounding circumstances, including

reckless disregard for the truth.") (citing *Gertsch v. Johnson & Johnson (In re*

*Gertsch)*, 237 B.R. at 168 and *Edelson v. Comm'r of Internal Revenue*, 829 F.2d 828,

832 (9th Cir. 1987)); *see also Hirth v. Donovan (In re Hirth)*, 2014 WL 7048395, at *10.

Circumstantial evidence is based on inference rather than personal knowledge or

observation. EVIDENCE, Black's Law Dictionary (11th ed. 2019). Again, in

resolving a motion for summary judgment, this Court may not weigh the

---

establish the knowledge element . . . ."), overruled in part on other grounds by Grogan v.
Garner, 498 U.S. 279 (1991), (quoting *Morimura, Arai & Co. v. Taback,* 279 U.S. 24, 33, 49 S. Ct. 212,
73 L. Ed. 586 (1929)).

MEMORANDUM OF DECISION – 20

evidence. Rather, the Court need only determine whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d at 834.

There is no dispute in the record that Rinaldo had, at the very least, applied for a loan through another lender before asking Plaintiffs for the money, or filling out the Residential Loan Application. The information in the Residential Loan Application, as well as Rinaldo's deposition testimony tend to indicate, at least circumstantially, that the loan from Plaintiffs to Defendants would not be used solely for "optics," but that he may use the funds for another purpose. Indeed, Rinaldo indicated in the Residential Loan Application that he would be putting down about $173,000 dollars; in his deposition, he testified that about $130,000 of that sum was to be funded by the loan from Plaintiffs. The evidence also indicates that Plaintiffs were reluctant to advance the funds to Defendants for any other purpose than "optics" and, had they been informed of Rinaldo's alleged other plans, they may not have advanced those funds at all.

The two real estate deals that would have allegedly supplied Defendants with funds to repay Plaintiffs' loan quickly, however, were still pending at the time the Residential Loan Application was completed. This fact tends to support Defendants' narrative, that Rinaldo did indeed intend to use Plaintiffs' loan for

MEMORANDUM OF DECISION – 21

"optics", at least at the time of the loan, but because those deals had not closed, Defendants were forced to change course and use those funds as a down payment to purchase the home.

The Court could determine Rinaldo's knowledge by examining the totality of the surrounding circumstances, *Paik v. Lee (In re Lee)*, 536 B.R. at 858, deciding his true intent and knowledge, including whether Rinaldo acted with a reckless disregard for the truth, or with reckless indifference to his actual circumstances. However, at this point in this action, to do so would be to assign weight to the evidence described above and in the record. The Court is precluded from engaging in that process in deciding a summary judgment motion.

Plaintiffs were reluctant to loan money to Defendants for a purpose other than optics, so Rinaldo's statement that the loan would be used for optics, as opposed to using them as a down payment to purchase the home, if untrue, would be a materially false one because it creates at least some discrepancy between the overall impression left by the statement and Rinaldo's true financial status and intentions. Although the cumulative weight of conflicting evidence may be weighed at trial, at this juncture in the adversary proceeding, Plaintiffs

MEMORANDUM OF DECISION – 22

are not entitled to a summary judgment on their § 523(a)(2)(B) claim. To this

extent, then, the Renewed Motion will be denied.

## *Conclusion*

The Renewed Motion, Dkt. No. 51, will be granted in part and denied in

part. Rinaldo's representations targeted by Plaintiffs were statements respecting

Defendant's financial condition, so Plaintiffs' claim for an exception to discharge

under § 523(a)(2)(A) fails, and Defendants are entitled to a summary judgment

on that claim. However, disputed issues of material fact remain for trial with

respect to Plaintiff's § 523(a)(2)(B) claim, and so summary judgment on that claim

will be denied.

A separate order consistent with this Memorandum will be entered.

Dated: August 17, 2021

Jim D. Pappas

U.S. Bankruptcy Judge

MEMORANDUM OF DECISION – 23