# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Rinaldo E. Hunt and Maile N. Hunt,<br><br>Debtors. | **Bankruptcy Case<br>No. 20-00137-TLM** |
| Dennis Lin and Alisha Lin,<br><br>Plaintiffs,<br><br>vs.<br><br>Rinaldo E. Hunt and Maile N. Hunt,<br><br>Defendants. | **Adv. Proceeding<br>No. 20-06015-JDP** |

## MEMORANDUM OF DECISION

Appearances:

    Sean N. Egan, Salt Lake City, Utah, counsel for Plaintiffs.

    Matthew Todd Christensen, Boise, Idaho, counsel for Defendants.

*Introduction*

    This adversary proceeding has taken an unusual course. It began when, in response to the debtors' bankruptcy filing, the creditors, armed with a state court

MEMORANDUM OF DECISION – 1

default money judgment for breach of contract, sought an exception to discharge, arguing that the debtors fraudulently induced them to loan them money. After a year and half of litigation in this action, much of which went badly for them, on the eve of trial, the creditors decided to forego their chance to prove their allegations of fraud, opting instead to voluntarily dismiss the action with prejudice. The debtors now seek an award of the almost $30,000 in attorney's fees and costs they incurred to defend the suit. Because the creditors cannot satisfy their statutory burden to show all of their claims against the debtors in this action were "substantially justified," the Court concludes the debtors are entitled to at least a portion of the requested fees and costs.

*Facts and Procedural History*

As explained above, this matter before the Court for a decision is the Motion to Determine Award of Attorney Fees and Costs filed by Defendants, chapter 7[1] debtors Maile and Rinaldo Hunt. Dkt. No. 73. Plaintiffs, creditors Alisha and Dennis Lin, oppose the Motion. Dkt. No. 77. The parties submitted

---

[1] Unless otherwise indicated, all chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION – 2

briefs in support of their respective positions. Dkt. Nos. 73, 77 & 78. The Court has considered their arguments, and this Memorandum sets forth the Court's findings, conclusions, and reasons for its disposition of the motion. Rules 7052; 9014.

Plaintiffs commenced this adversary proceeding against Defendants on May 4, 2020 seeking to except a claim based on a state court money judgment from discharge under § 523(a)(2). Dkt. No. 1. On May 15, 2020, Defendants filed a motion for a judgment on the pleadings, which Plaintiffs opposed. Dkt. Nos. 5 & 7. On July 13, 2020, after a hearing, the Court denied Defendants' motion and granted Plaintiffs' request to amend the complaint. Dkt. No. 17.

Plaintiffs filed an amended complaint on August 3, 2020; Defendants filed an answer on August 18, 2020. Dkt. Nos. 20 & 22. On September 23, 2020, Defendants filed a motion for summary judgment, which Plaintiffs opposed. Dkt. Nos. 29, 31. After a hearing, the Court entered a decision on November 10, 2020, adopting Plaintiffs' position that Defendants' motion was premature and granting Plaintiffs' request to conduct more discovery. Dkt. No. 35 & 36.

About five months later, on March 3, 2021, Defendants filed a second motion for summary judgment. Dkt. No. 38. Plaintiffs responded on March 9,

MEMORANDUM OF DECISION – 3

2021, with a motion to amend their answers to certain requests for admissions because Plaintiffs (or more accurately, their attorney) had "overlooked" the requests when served on them and had failed to timely deny many of the requests. *See* Dkt. Nos. 42, 46, 48 & 50. Once again, the Court deferred to Plaintiffs' position and allowed them to amend their discovery responses to deny many of the requests.

Undeterred, on May 27, 2021, Defendants renewed the second motion for summary judgment; Plaintiffs responded on July 15, 2021. Dkt. Nos. 51 & 55. The Court conducted yet another hearing, and on August 18, 2021, entered another decision, this time granting summary judgment in Defendants' favor on all claims against Maile Hunt,[2] granting summary judgment in favor of Defendants on Plaintiffs' § 523(a)(2)(A) claims against Rinaldo Hunt, but denying Defendants' motion for summary judgment as to Plaintiffs' § 523(a)(2)(B) claims against Rinaldo Hunt.[3] Dkt. No. 60.

---

[2] At the hearing, Defendants' counsel conceded that Plaintiffs' claims against Defendant Maile Hunt lacked merit because she made none of the allegedly fraudulent representations to Plaintiffs.

[3] Plaintiffs' § 523(a)(2)(A) claims were dismissed because they were premised on Defendant Rinaldo Hunt's alleged false oral, not written, statements respecting Defendants' financial condition. Plaintiffs' § 523(a)(2)(B) claims, in contrast, were based upon text messages sent by

MEMORANDUM OF DECISION – 4

The Court scheduled a trial for November 3, 2021. Dkt. No. 63. On October 27, 2021, Defendants filed proposed exhibit and witness lists and a trial brief. Dkt. Nos. 65–67. Two days later, Plaintiffs filed a motion to dismiss this adversary proceeding with prejudice. Dkt. No. 68.[4] Defendants did not oppose this motion. Dkt. No. 70. On November 1, 2021, the Court granted Plaintiffs' motion and entered an order and judgment dismissing the adversary proceeding with prejudice. Dkt. No. 71.

On November 15, 2021, Defendants filed the instant motion seeking an award of attorney's fees and costs. Dkt. No. 73. Plaintiffs oppose the motion insisting that Defendants are entitled to no award. Dkt. No. 77.

*Analysis and Disposition*

Defendants ask for attorney's fees in the amount of $27,785.50 and costs in the amount of $623.95. Dkt. No. 73 at 11. Plaintiffs urge that Defendants are not

---

Defendant Rinaldo to Plaintiffs. Though Plaintiffs' proposed proof supporting these fraud claims seemed somewhat anemic, the Court was constrained to allow them to proceed to trial because questions of fact remained as to the falsity of the statements and whether Rinaldo made them with the requisite fraudulent intent.

[4] Plaintiffs represented in the motion that they had sought a stipulation from Defendant Rinaldo Hunt to dismiss but had not yet received a response. Dkt. No. 70 at 1.

MEMORANDUM OF DECISION – 5

entitled to any fees or costs at all. Dkt. No. 77 at 2, 6. Defendants' requests are addressed separately below.

I. <u>Attorney's Fees</u>

Under the American Rule, attorney's fees may only be recovered by a prevailing party if specifically allowed by contract or statute. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257–58 (1975). The Code does not include a general right to attorneys' fees for litigation in a bankruptcy case. *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). Defendants acknowledge there was no contract between the parties authorizing recovery of attorney's fees. However, they argue that two statutes provide a right to their relief.

    A. *Idaho Code § 12-121*

Defendants first invoke Idaho Code § 12-121 which, in relevant part, provides that, "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Idaho Code § 12-121. Defendants are correct that, in some cases, attorney's fees may be awarded to a debtor under a state statute in an action for an exception to

MEMORANDUM OF DECISION – 6

discharge in bankruptcy. *Savage v. Brill (In re Savage)*, 2015 WL 2452626, at *3 (9th Cir. BAP 2015) (determining whether a debtor was entitled to attorney's fees as the prevailing party in an exception to discharge action).  In adversary proceedings where a creditor must establish its claim under state law, an award of attorney's fees may be available pursuant to state law.  *Stover v. Stover (In re Stover)*, 2016 WL 4538459, at *1 (Bankr. D. Idaho Aug. 30, 2016) (citing *Kilborn v. Haun (In re Haun)*, 396 B.R. 522 (Bankr. D. Idaho 2008)); *see also Krystal v. Haynie (In re Haynie)*, 621 B.R. 456, 472 (Bankr. D. Idaho 2020), aff'd, 624 B.R. 872 (9th Cir. BAP 2021) ("However, the *Haun* [case] only allows for fees in establishing the claim under state law, and not the nondischargeability of that claim."); *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997) ("[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings.").

     As explained in these cases, if a party is required in bankruptcy litigation to establish, or to attack, the validity or amount of a claim against a debtor under state law, the prevailing party, whether it be the creditor or debtor, may recover attorney's fees otherwise allowed by a state statute.  However, if the claim and its

MEMORANDUM OF DECISION – 7

amount was established, or not disputed, and the bankruptcy court litigation concerned only whether that claim could be discharged in the bankruptcy case, then the prevailing party is not entitled to attorney's fees under the state statute. *See also LVNV Funding, LLC v. Andrade-Garcia (In re Andrade-Garcia)*, 2022 WL 98048, at *1 (9th Cir. BAP 2022) (holding that, under a similar Nevada statute, a fee award for bankruptcy contest is only appropriate if it emanates from the substantive claim, not the party's, or an attorney's conduct, during the course of litigation).

This case is similar *Haynie* and *Andrade-Garcia*. In *Haynie*, before bankruptcy, the creditors obtained a state court judgment against the debtor. Because the only issue presented to the bankruptcy court was whether that judgment debt was excepted from discharge, attorney's fees could not be awarded under state law. *Krystal v. Haynie (In re Haynie)*, 621 B.R. at 472. Likewise, in *Andrade-Garcia*, the BAP held that attorney's fees under a state statute could be awarded only if they arose from a contest about the creditor's substantive claim, rather than the attorney's conduct during litigation. *LVNV Funding, LLC v. Andrade-Garcia (In re Andrade-Garcia)*, 2022 WL 98048, at *5.

MEMORANDUM OF DECISION – 8

Here, as in *Haynie*, Plaintiffs secured a default money judgment against Defendants in state court before the bankruptcy case was filed. The validity or amount of that claim was not contested by Defendants in this adversary proceeding. Instead, the only issue raised in the action was whether Plaintiffs' claim was excepted from discharge. *See* Plaintiffs' Complaint, Dkt. No. 1, ¶ 8. Moreover, like the debtor-defendant in *Andrade-Garcia*, Defendants here seek attorney's fees based in part on the conduct of Plaintiffs or their counsel during the case. *See* Defendants' Motion and Memorandum of Costs and Attorney Fees, Dkt. No. 73;[5] *see also* Defendants' Reply Memorandum in Support of Defendants' Motion for Costs and Attorney Fees, Dkt. No. 78. While the conduct of Plaintiff's and their attorney Defendants target was questionable, the Court cannot invoke

---

[5] For example, Defendants argue:

> The Court should find that [Plaintiffs] brought their Complaint and subsequently their Amended Complaint unreasonably and without foundation. Specifically, [Plaintiffs] have attempted to create issues of immaterial fact, while ignoring that there is insufficient evidence to support essential material elements of their actual claims . . . . Therefore, the Court should determine that [Plaintiffs] unreasonably and without foundation brought this action, and as such the Hunts are entitled to an award of their requested costs and attorney fees under Idaho Code § 12-121.

Defendants' Motion and Memorandum of Costs and Attorney Fees, Dkt. No. 73.

MEMORANDUM OF DECISION – 9

state law to award them the attorney's fees they incurred as a result. Because the validity of Plaintiffs' underlying creditors' claim was not litigated in this action, but only whether that claim should be excepted from discharge under the Code, and because the award of attorney's fees sought here is based on the Plaintiffs' or their attorney's conduct in the litigation, Defendants cannot recover attorney's fees under Idaho Code § 12-121.

B. *Section 523(d)*

Defendants also request attorney's fees under the Bankruptcy Code. Section 523(d) provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

§ 523(d). "The purpose of § 523(d) is to deter creditors from bringing frivolous challenges to the discharge of consumer debts." *First Card v. Hunt (In re Hunt)*, 238 F.3d 1098, 1103–04 (9th Cir. 2001) (citing S. Rep. No. 98–65, at 9–10 (1983)).

To prevail on a motion for attorney's fees under § 523(d), a debtor must show that (1) the creditor requested a determination of the dischargeability of the

MEMORANDUM OF DECISION – 10

debt under § 523(a)(2); (2) the debt is a consumer debt; and (3) the debt was discharged. *Stine v. Flynn (In re Stine)*, 254 B.R. 244, 249 (9th Cir. BAP 2000), *aff'd*, 19 F. App'x 626 (9th Cir. 2001). These elements are satisfied in this case. It is undisputed that Plaintiffs sought to except the judgment debt from discharge in Defendants' bankruptcy case under § 523(a)(2). The debt, arising from loan from Plaintiffs to Defendants to help them purchase a home, was a consumer debt. And, when Plaintiffs' claims for relief against Defendants were dismissed with prejudice, it had the effect of discharging the judgment debt.

Because Defendants have established the elements required under § 523(d), Plaintiffs as creditors bear the burden of showing that substantial justification existed for their action against Defendants at all stages of the litigation. *Heritage Pac. Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 116 (9th Cir. BAP 2013). Plaintiffs have not made such a showing.

        1.    Were Plaintiffs' claims "substantially justified?"

The Ninth Circuit instructs that the substantially justified standard under § 523(d) is the same as the substantially justified standard under the Equal Access to Justice Act. *In re Hunt*, 238 F.3d at 1103. That is, to avoid a fee award, a plaintiff must show that, in the action, it had a reasonable basis both in law and

MEMORANDUM OF DECISION – 11

in fact for its position. *Id.* Importantly, a court may award fees even where the claims were prosecuted in good faith. *Kilbey v. Nawrocki (In re Nawrocki)*, 2010 WL 6259978, at *7 (9th Cir. BAP 2010) (citing *In re Hunt*, 238 F.3d at 1104 n.6).

To effectuate the policies behind § 523(d), the BAP has advised bankruptcy courts to exercise special caution in finding substantial justification exists in discharge exception actions that end via summary judgment for the debtor. *Heritage Pacific Financial, LLC v. Machuca (In re Machuca)*, 483 B.R. 726, 735 (9th Cir. BAP 2012) (noting that bankruptcy courts "must scrutinize the merits of [an action that ends in summary judgment] with particular care, as these types of outcomes often suggest a lack of substantial justification."). As discussed in *Machuca*, the Court must closely examine Plaintiffs' justification here, where their claims against Defendants were all eventually dismissed without a showing of merit. To establish that substantial justification for a discharge exception existed, a creditor must show: (1) a reasonable basis for the facts asserted, (2) a reasonable basis in the law for the legal theory proposed, and (3) support for the legal theory by the facts alleged. *Fia Card Serv., N.A. v. Dunbar (In re Dunbar)*, 2012 WL 1757427, at *1 (D. Mont. May 15, 2012) (citing *In re Pappan*, 334 B.R. 678, 682 (10th Cir. BAP 2005)).

MEMORANDUM OF DECISION – 12

Of course, determining whether a creditor's position was substantially justified in § 523(a)(2) litigation is difficult because proof of some elements of the creditor's claim inherently requires application of subjective inferences, even though the claim, at bottom, emanates from objective facts.  *See Lionetti v. Marcus (In re Lionetti)*, 613 B.R. 13, 19–20 (9th Cir. BAP 2020) ("[W]hile it may be necessary to utilize inferences to establish some elements of a fraud claim, to have 'substance,' a fraud claim must emanate from some objective facts that would demonstrate a misrepresentation or deceptive act, knowledge of the deception by the defendant, reliance, and harm.").  Even so, "a creditor cannot show substantial justification for pursing a legally plausible § 523(a)(2) claim if it fails to provide evidence to prove an essential element of the claim." *In re Montano*, 501 B.R. at 116.

Recall, in this action, all of Plaintiffs' claims against Defendant Maile Hunt were dismissed via a summary judgment because, as Plaintiffs later conceded, they could not prove she made any of the allegedly fraudulent representations that induced them to make the loan to Defendants.  Lacking such proof, even after being offered an extension of time to conduct discovery, Plaintiffs cannot show their claims against her were substantially justified.

MEMORANDUM OF DECISION – 13

Next, Plaintiffs' § 523(a)(2)(A) claims were dismissed via summary judgment against both Defendants because the allegedly fraudulent representations they relied upon to make the loan to Defendants were oral, not written, respecting the Defendants' financial condition.  Because Plaintiffs could not establish an essential element of their § 523(a)(2)(A) claims against Defendants (*i.e.,* that the debtor's fraudulent representations were "other than a statement respecting the debtor's . . . financial condition"), something that was undisputed and led to dismissal at the summary judgment stage of the litigation, these claims were not substantially justified.

Determining whether Plaintiffs' § 523(a)(2)(B) claim against Defendant Rinaldo Hunt was substantially justified is more nuanced because it was not dismissed at the summary judgment stage.  To prevail on the § 523(a)(2)(B) claim, Plaintiffs were required to show that: (1) a written representation of fact were made by Rinaldo respecting Defendants' financial condition; (2) the representation was materially false; (3) Defendant knew the representation was false when made; (4) Defendant made the representation with the intention of deceiving the Plaintiffs; (5) Plaintiffs relied on the representation; (6) Plaintiffs' reliance was reasonable; and (7) damage proximately resulted to Plaintiffs.

MEMORANDUM OF DECISION – 14

*Gertsch v. Johnson & Johnson (In re Gertsch)*, 237 B.R. 160, 167 (9th Cir. BAP 1999) (citing *Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996)).[6]

Defendants took a targeted approach at the summary judgment stage attacking only two elements of Plaintiffs' § 523(a)(2)(B) claim: that the statements were not false at the time they were made, and that Defendant had no knowledge of their falsity. As explained in the Court's decision,[7] Rinaldo Hunt made written representations to Plaintiffs concerning Defendants' financial condition, but there was conflicting evidence whether his statements were false and whether he knew them to be false. Of course, knowledge and intent overlap under § 523(a)(2), and those two elements frequently interact with other elements as well. But the Court never determined the ultimate facts concerning Plaintiffs' § 523(a)(2)(B) claim because Plaintiffs obtained the voluntarily dismissed of the action before trial.

---

[6] Note that a creditor's reliance must be reasonable under § 523(a)(2)(B), as opposed to the somewhat lower justifiable reliance required under § 523(a)(2)(A).

[7] The Memorandum detailed the conflicting evidence that precluded summary judgment. Dkt. No. 60 at 21–22.

MEMORANDUM OF DECISION – 15

There was conflicting evidence on several of the elements of Plaintiffs' § 523(a)(2)(B) claim and the Court denied Defendants' summary judgment motion on this claim. The Court concluded there was conflicting evidence about the elements of that claim and that it should proceed to trial. Memorandum Decision, Dkt. No. 60, p. 22. Put another way, the Court decided that, depending upon the proof at trial, Plaintiffs' § 523(a)(2)(B) claim had at least some potential to succeed. Because it was conceivable that, at trial, Plaintiffs could have offered facts to show Rinaldo indeed made the false written statements about Defendants' financial condition with the requisite fraudulent intent, on this record, the Court concludes that Plaintiffs' § 523(a)(2)(B) claim against Defendant was substantially justified.

Another factor exists in this case that persuades the Court that Plaintiffs should not be completely excused from paying Defendants' litigation fees and costs. Plaintiffs' case suffered from a certain taint from the beginning. During the motion proceedings Plaintiffs acknowledged that the parties' intent was that Plaintiffs would loan funds to Defendants to deposit in their bank account to induce a bank to believe that Defendants were sufficiently "liquid," and had more funds than they actually had, so Defendants could secure a loan to

MEMORANDUM OF DECISION – 16

purchase a house. In other words, from the perspective of the mortgage lender, Plaintiffs and Defendants cooperated in an arguably deceptive scheme to mislead the bank into lending money to the Defendants. Of course, this plan was foiled when Defendants used the funds they represented would be paid to Plaintiffs for a different purpose. Under these circumstances, the Court is reticent to find that Plaintiffs deserve protection from Defendants' fee request.

In sum, Plaintiffs' § 523(a)(2)(A) claims against Defendants were not substantially justified, but their § 523(a)(2)(B) claim against Defendant Rinaldo Hunt was substantially justified.

> 2. Do special circumstances exist that make an award of attorney's fees unjust?

Finally, § 523(d) provides that the Court must not award such fees to Defendants if special circumstances would make the award unjust. While Plaintiffs argue that their position in the litigation was substantially justified, they do not argue that any special circumstances exist which would make an award of attorney's fees unjust. Even so, given the parties' questionable goal of misleading Defendants' mortgage lender that served as the basis of their

MEMORANDUM OF DECISION – 17

agreement, as discussed above, the Court find that special circumstances do exist preventing Defendants from recovering all of their attorney fees.

        3.    A reduced award of fees in a reasonable amount is appropriate here.

Because the Court has determined that Plaintiffs were not substantially justified in asserting unsuccessful § 523(a)(2)(A) claims against Defendants, and while special circumstances exist that make an award of the full amount of attorney's fees requested unjust, nevertheless, the Court interprets § 523(d) to require that Defendants recover what it deems to be *reasonable* attorney's fees. Put another way, even if some award of fees is appropriate under § 523(d), the bankruptcy court must determine whether the award requested by the debtor is reasonable in amount and may reduce the award if appropriate. *Daecharkhom v. Waugh Real Estate Holdings, LLC (In re Daecharkhom)*, 505 B.R. 898, 903 (9th Cir. BAP 2014).

What is a reasonable award in this action? It must first be reiterated that one of Plaintiffs' claims was substantially justified, even though the other was not. Therefore, the attorney's fees incurred by Defendants in defending against

MEMORANDUM OF DECISION – 18

Plaintiffs' § 523(a)(2)(A) claims are compensable, and the attorney's fees they incurred defending against Plaintiffs' § 523(a)(2)(B) claim are not compensable.

Reviewing Defendants' fee motion and the supporting affidavit, it is impossible to arrive at a clear estimate of the amounts requested attributable to defending against the Plaintiffs' different § 523(a)(2) claims against them. Given this challenge, and taking into account the peculiar facts underlying Plaintiffs' claims against Defendants discussed above, the Court will exercise its discretion to determine a reasonable award. Doing so, the Court concludes that, all things considered, including the unusual course of events in the litigation, that Defendants should recover $15,000.00 from Plaintiffs as reasonable award of attorney's fees under § 523(d). Defendants' motion will therefore be granted in that amount.

II. <u>Costs</u>

Defendants also seek an award for costs. Section 523(d) supports such a recovery, as does Rule 7054(b) ("The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides.") Defendants seek $623.95 in costs incurred for two transcripts, one for

MEMORANDUM OF DECISION – 19

Plaintiff Dennis Lin's deposition and one for Defendant Rolando Hunt's deposition.[8]  This request will be granted.

## Conclusion

Defendants' motion for attorney's fees will be granted in part.  In the exercise of its discretion, under § 523(d), the Court determines that Defendants should be awarded $15,000 as reasonable attorney's fees.  Defendants will be awarded $623.95 for costs pursuant to § 523(d), Rule 7054 and LBR 7054.1.  Counsel for Defendants shall submit an appropriate form of order and judgment for entry by the Court.

DATED: March 16, 2022



Jim D. Pappas
U.S. Bankruptcy Judge

---

[8] Under this Court's local rule, a prevailing party may recover its costs, and "the prevailing party is the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered." LBR 7054.1. Defendants are the prevailing party. Deposition costs are taxable costs under the local rule. LBR 7054.1(c)(3); *Crawforth v. Boise Tower Assoc., LLC (In re Charterhouse Boise Downtown Properties, LLC)*, 2010 WL 1049968, at *5 (Bankr. D. Idaho Mar. 17, 2010).

MEMORANDUM OF DECISION – 20